# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**CARLOS LURON HARRIS**            **CIVIL ACTION NO. 3:17-cv-00572**

**VS.**           **SECTION P**

          **JUDGE ROBERT G. JAMES**

**KWASIC HECKARD**           **MAGISTRATE JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Carlos Luron Harris, proceeding *in forma pauperis*, filed the instant civil rights complaint, pursuant to 42 U.S.C. §1983, on April 24, 2017. [Rec. Doc. 1] Plaintiff sues Kwasic Heckard seeking compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

On April 30, 2015, acting on a tip from a confidential informant, defendant, along with other agents, conducted a traffic stop of a vehicle in which plaintiff was a passenger. [Rec. Doc. 1-2. p. 1] A pat down was conducted and plaintiff was found to be in possession of crack cocaine. *Id.* Plaintiff advised officers that the crack belonged to the driver. *Id.* Plaintiff advised officers of a residence where more crack cocaine could be found and, after a search of this residence and an additional arrest, plaintiff, the driver of the vehicle, and another individual were taken in for booking. *Id.*

An Affidavit of Probable Cause for Arrest Without a Warrant was executed by the defendant on that date. *Id.* On May 1, 2015, the affidavit was filed and probable cause for the arrest was found by a Fourth Judicial District Court Judge. *Id.*

Plaintiff was initially charged by Bill of Information with one count of possession of CDS II with intent to distribute and one count of conspiracy to possess controlled dangerous substance with intent to distribute. [Rec. Doc. 1-2, p 2] On April 26, 2016, the Bill of Information was amended. *Id.* On that date, plaintiff withdrew his plea of not guilty and pled guilty to one count of attempted possession of drug paraphernalia and sentenced to time served[1]. [Rec. Doc. 1-2, p. 11]

Plaintiff filed the instant complaint on April 24, 2017, alleging that the defendant violated his constitutional rights by unreasonably searching and seizing his person "without a warrant made upon probable cause and supported by an Oath or affirmation." [Rec. Doc. 1, p. 6]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis*. Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

---

[1] Count 2 was dismissed.

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2. *False Arrest*

Plaintiff brings suit against Detective Kwasic Heckard, alleging that he falsely arrested and imprisoned him on April 30, 2015.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge

thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007).

Plaintiff's false arrest and imprisonment claims thus accrued on May 1, 2015, when the judge in the criminal matter reviewed the allegations set forth in the affidavit of probable cause and determined that probable cause for plaintiff's arrest and detention had been established. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year from the date that the judge in the criminal matter made his determination of probable cause, or until May 1, 2016, to file his civil rights complaint claiming false arrest. Plaintiff's complaint was filed on April 24, 2017, well beyond the expiration of the 1-year period of limitations and therefore, his claims against Detective. Heckard have prescribed. Because his claims is time barred, plaintiff has not stated a claim upon which relief can be granted.

4

*Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, in accordance with the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 11, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**